# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**VICTOR MOSKALENKO,**
Petitioner,

v.

**SCOTT ISRAEL**, SHERIFF OF BROWARD COUNTY, et al.
Respondents.

No. 4D14-3299

[December 10, 2014]

Petition for writ of habeas corpus to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mark A. Speiser, Judge; L.T. Case No. 10-3358.

Arthur R. Rosenberg of Rosenberg & Pinsky, Fort Lauderdale, for petitioner.

Terrence O. Lynch, Senior Assistant General Counsel, Fort Lauderdale, for respondent Scott Israel, Sheriff of Broward County.

Bruce A. Katzen and Jamie Zuckerman of Kluger, Kaplan, Silverman, Katzen & Levine, P.L., Miami, for respondents Michael Zonenashvili and Neil Zonenashvili.

Alan B. Cohn of Greenspoon Marder, P.A., Fort Lauderdale, for respondent Amir Oren, Personal Representative of the Estate of Sofi Moskalenko-Kemelman.

PER CURIAM.

We grant the petition for writ of habeas corpus filed in this case without prejudice to the trial court issuing an order that complies with *Bowen v. Bowen*, 471 So. 2d 1274 (Fla. 1985). "[I]ncarceration cannot be imposed upon a civil contemnor for willfully failing to comply with a court order unless the court first determines that the contemnor has the present ability to purge himself of contempt." *Id.* at 1278.

Even if a contemnor's own actions caused him to lack the ability to pay, he may not be incarcerated indefinitely for civil contempt if he lacks the

ability to pay the purge.  *Elliott v. Bradshaw*, 59 So. 3d 1182 (Fla. 4th DCA 2011).  In this case, the written contempt order provides that the petitioner may purge by tendering to the personal representative of his deceased wife's estate the total net proceeds from the sale of the real property in question, with satisfactory documentation that the amount accurately reflects the net proceeds.  However, the order does not contain a finding that the petitioner has the present ability to comply with the purge provisions.

Accordingly, petitioner shall be released from custody unless the trial court enters an order that complies with *Bowen* by 5:00 p.m. on the third business day following the date of issuance of this opinion.  This decision does not preclude further civil contempt proceedings or criminal contempt proceedings if appropriate.  *See Elliot*, 59 So. 3d at 1184.  We will entertain no motions for rehearing and the clerk is directed to issue the mandate forthwith.

*Petition Granted.*

STEVENSON, CONNER and FORST, JJ., concur.